[Crim. No. 2412. In Bank.—May 20, 1922.]

## THE PEOPLE, Respondent, v. WILLIAM W. SWAN, Appellant.

[1] CRIMINAL LAW—TRIAL—POSTPONEMENT—ATTENDANCE OF COUNSEL. Where a defendant was at all the stages of his case represented by counsel and particularly by counsel who, having also, and prior to his own trial, represented and been present at the trial of his codefendants and were thus familiar with every phase of his case at all the stages of the trial thereof, it was not an abuse of discretion to refuse a postponement until certain other counsel of defendant's own choosing could be present.

[2] ID.—CREDIBILITY OF PROSECUTING WITNESS—REMARK OF COURT—INSTRUCTIONS.—A remark by the court occasioned by a question asked by a juror during the argument of the case, that the prosecuting witness was not on trial, did not of itself amount to an instruction that the jury were not to consider the credibility of such witness, and if any misapprehension was created, it was removed by the instructions with relation to the functions of the jury as exclusive judges of the weight of the evidence and the credibility of the witnesses.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Paul W. Schenck and Richard Kittrelle for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Maltman for Respondent.

THE COURT.—This case, as to the main questions presented for consideration, is identical with the case of *People v. Sanders, ante,* p. 744 [207 Pac. 380], and the conclusions reached therein with respect to the sufficiency of the indictment and also as to the sufficiency of the evidence to sustain it are hereby given application to this appeal. In addition to the points therein considered the appellant herein makes two further contentions. [1] These are, first, that the trial court committed error in compelling the defendant herein to go to trial without the presence of one

of his attorneys. Without attempting to recite in detail the facts relied upon by the appellant as supporting this contention and by respondent as opposing it we are satisfied from an examination of the record that the defendant was at all the stages of his case represented by counsel, and particularly by counsel who, having also, and prior to his own trial, represented and been present at the trial of his codefendants and were thus familiar with every phase of his case at all stages of the trial thereof, and, hence, that said defendant was fully and fairly represented by counsel during the trial of his case. This being so, we think the trial court did not abuse its discretion in not further postponing the trial of the cause until certain other counsel of the defendant's choosing could be present, and that the defendant has suffered no prejudicial error through the action of the trial court in that regard.

[2] The appellant makes the further contention that the trial court committed prejudicial error in prohibiting the jury from considering the question of the credibility of the prosecuting witness Quinlin. We find upon an examination of the record that it fails to sustain the appellant's contention in that regard. The episode in question occurred during the argument of the case before the jury. It appears that one of the jurors asked some question the substance or purport of which is not shown by the record herein. The court not having caught the purport of the question, asked that it be repeated, which being done the court said: "Mr. Quinlin is not on trial. The one that is on trial is this defendant. If a man had committed a murder, had been guilty of it, and he had been taken by an officer to an office and turned loose for the consideration of five hundred dollars and under threat he would put him in jail if he didn't pay it, the fact he was guilty of murder would not excuse the officer for taking the money from him. You want to get it out of your mind you are trying Mr. Quinlin. You are now trying to see whether these parties extorted the money from Mr. Quinlin, not if Mr. Quinlin was guilty of something. If Mr. Quinlin was guilty of anything then it was the duty of the officer to file a charge against him, so you just get that out of your mind you are trying Mr. Quinlin and try Mr. Swan." In the absence of anything going to show what called forth this expression

on the part of the court we are entirely at a loss to determine whether or not the language of the court was justified or whether or not the appellant was prejudicially affected thereby. The utterance of the court does not of itself amount to an instruction to the jury that they were not to consider the question of the credibility of the prosecuting witness, Quinlin. The court gave the usual instructions with relation to the functions of the jury as exclusive judges of the weight of the evidence and the credibility of the witnesses. One of said instructions having apparently reference and application to the particular matter above set forth was the following:

"You are the sole and exclusive judges of the weight of evidence and the credibility of witnesses, and it is your function to determine all questions of fact arising from the evidence in the case. With the facts the court has nothing to do. I have not expressed, nor intend to express, nor have I intimated or intend to intimate any opinion as to what witnesses are, or are not, worthy of credence; what facts are, or are not, established; or what inferences are to be drawn from the evidence adduced. If any expression of mine has seemed to indicate an opinion relating to any of these matters, such expression must be entirely disregarded by you."

We are satisfied that if any misapprehension had been created in the minds of the jurors as to their right and duty to consider the credibility of the prosecuting witness Quinlin by reason of the foregoing remarks of the trial court during the argument, these were entirely removed by the foregoing instruction and that the appellant therefore suffered no prejudicial injury therefrom.

No other errors appearing in the record, the judgment is affirmed.

Richards, J., *pro tem.*, Shaw, C. J., Wilbur, J., Waste, J., Sloane, J., Lawlor, J., and Shurtleff, J., concurred.